UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-220-J-34JBT

VINCENT JOSEPH JONES, JR  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

  ☒ FACTORS CONSIDERED

Defendant Vincent Joseph Jones, Jr., is a 49-year-old inmate incarcerated at Jesup FCI, serving a 100-month term of imprisonment for the distribution of cocaine. (Doc. 39, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 19, 2024. Jones seeks compassionate release because of the Covid-19 pandemic and because he has high blood pressure.[2]

---

[1]  The Court assumes, for purposes of this Order, that Jones has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

[2]  Jones does not refer to Covid-19 in the instant Motion, but he did cite it in a prior motion for compassionate release, which the Court denied without prejudice for lack of exhaustion. (See Doc. 51, First Motion for Compassionate Release). Liberally construing the current Motion, the Court construes it as alleging Covid-19 as an extraordinary circumstance as well.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Jones has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), those who have high blood pressure might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[3] Additionally, high blood pressure is not an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for it.[4] "Assuming federal prisoners experience th[is] condition[ ] at about the same rate as the general population, if [it] qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release." United States v. Hayes, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020). Moreover, the record shows that Jones's hypertension is treated through blood pressure medication. (Doc. 53-2, Medical Records at 3). Nor is there any evidence that high blood

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] https://www.cdc.gov/bloodpressure/facts.htm.

2

pressure impairs Jones's ability to care for himself. Accordingly, Jones has not established extraordinary and compelling circumstances under § 3582(c)(1)(A).[5]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). When Jones pleaded guilty to distributing cocaine in the instant case, it marked his ninth conviction for a controlled substance offense, as well as his seventh conviction for an offense involving drug distribution. (See Doc. 36, Presentence Investigation Report [PSR] at ¶¶ 38-45). The Court determined that a term of 100 months in prison was warranted to accomplish the statutory purposes of sentencing, including promoting respect for the law and affording adequate deterrence. Jones has only served about 37 months of that sentence (dating from his arrest on November 13, 2017). Accounting for good time credits, he has four years left on his prison term according to the BOP. In view of all the applicable § 3553(a) factors, the Court finds that a sentence reduction is not warranted at this time.

Accordingly, Defendant's Vincent Joseph Jones, Jr.'s Renewed Motion for Compassionate Release (Doc. 53) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of December, 2020.

MARCIA MORALES HOWARD
United States District Judge

---

[5] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

lc 19

Copies:
Counsel of record
Defendant